# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **LARRY WILLIAMS, ET AL.** | **CIVIL ACTION NO. 16-1010** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SHERIFF KEVN COBB, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

This is a civil rights action brought by Plaintiffs Larry Williams, Larry Henry, Laquatta Henry, and Brandon Brealy against Defendants Kevin Cobb, individually and in his capacity as Sheriff of Franklin Parish, and Chad Lee, individually and in his capacity as Warden of the Franklin Parish Detention Center ("FPDC").

## I.  FACTS AND PROCEDURAL HISTORY

On July 8, 2015, Larry Brealy ("Brealy") was incarcerated at FPDC. On that day, he was working in the kitchen. At about 6:40 p.m., he finished his shift and went back to his dorm.

At approximately 7:00 p.m., deputies were notified by other inmates in the dorm that Brealy was having trouble breathing. Deputies immediately arrived and removed Brealy from the dorm; Brealy then collapsed onto a bench in the hallway, losing consciousness. Deputies contacted medical assistance, called for emergency medical services ("EMS"), and began performing CPR on Brealy.

At approximately 7:13 p.m., approximately 13 minutes after deputies were first notified of Brealy's difficulty breathing, EMS arrived on scene and assumed control of Brealy's medical

care. Unfortunately, Brealy subsequently passed away. Medical personnel determined that the cause of death was a cardiac event.

At no time prior to July 8, 2015, had Brealy submitted a verbal or written request for medical attention.[1] Additionally, Brealy had made no verbal complaints to the FPDC nurse, Sonya Smith.

On July 8, 2016, Plaintiffs, who are Brealy's sons and daughter, filed a Complaint in this Court, alleging that Defendants are liable under 42 U.S.C. § 1983 for the "deliberate indifference to the critical medical needs" of Brealy prior to his death, in violation of the Eighth and Fourteenth Amendments. Plaintiffs further contend that Defendants are policy makers and had a history of deliberate indifference to Brealy's medical needs, failed to supervise FPDC personnel, and failed to adequately train or promulgate training policies. Plaintiffs further assert wrongful death and survival actions against Defendants, contending that they were negligent in violation of Louisiana law.

On July 13, 2018, Defendants filed the instant Motion for Summary Judgment. A notice of motion setting issued on July 16, 2018, indicating that Plaintiffs had twenty-one (21) days to file a memorandum in opposition to the motion. No opposition was filed.

The Court is now prepared to rule.

---

[1] In their Complaint, Plaintiffs alleged that Brealy "spent the day once again making numerous complaints to the Detention Center about having significant pain in his chest, and how he couldn't breath [sic] and his pain and condition continued to increase in severity and that he needed serious medical attention." [Doc. No. 1, ¶ 7]. Plaintiffs further alleged that Defendants ignored the "cries" of Brealy's cellmates. [Doc. No. 1, ¶ 8]. However, they have not contested Defendants' statement of material facts, which are supported by affidavits, and they have not presented any admissible evidence to support these allegations.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . . citing to particular parts of materials in the record . . . .").

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

Unless the moving party meets its initial burden, the Court may not grant a motion for summary judgment, even if the motion is unopposed. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, pursuant to Local Rule 56.2, since Plaintiffs did not file an opposition and statement of contested material facts, Defendants' statement of uncontested material facts is deemed admitted for purposes of this motion. LR 56.2 ("All material facts set

forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.).

**B.      Plaintiffs' Section 1983 Claims**

First, Plaintiffs assert individual and official capacity claims against Defendants under § 1983.

"The State's exercise of its power to hold detainees and prisoners. . . brings with it a responsibility under the U.S. Constitution to tend to the essentials of their well-being: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs . . . it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause."[2] *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 638–39 (5th Cir. 1996) (en banc) (quoting *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200) (internal quotation marks omitted)).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that "[r]egardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 104.  That is, "[a] prison official violates the Eighth Amendment when his/her conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Id.* (citation and internal quotation

---

[2]The medical care claims of a pretrial detainee proceed from his right to medical care and protection from harm under the Fourteenth Amendment, while a prisoner's rights fall under the Eighth Amendment. *See Hare*, 74 F.3d at 647–48. The Fifth Circuit applies the subjective deliberate indifference test to both types of claims.  Thus, in this case, Plaintiffs' claims are to be considered under the Eighth Amendment, but the standard is the same, regardless.

4

marks omitted). "A delay of medical care can constitute an Eighth Amendment violation" if "there has been deliberate indifference [that] results in substantial harm." *Id.* (citation and internal quotation marks omitted).

> A prison official can be found liable under the Eighth Amendment only if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." [*Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006)]. If, however, the risk is obvious, the prison official's knowledge of a substantial risk of harm may be inferred. *Id.* (citation omitted). A disagreement with the treatment provided is not sufficient to state a claim for deliberate indifference. *Id.* at 464 (citation omitted). A prison inmate may also demonstrate deliberate indifference by showing that "a prison official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (citation omitted).

*Bennett v. Louisiana ex rel. Dept. of Public Safety & Corrections*, No. 07-31189, 2009 WL 102080, at *4 (5th Cir. Jan. 15, 2009). "Deliberate indifference is more than mere negligence in failing to supply medical treatment." *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir.2001). "Deliberate indifference is a stringent standard of fault," requiring disregard of a known or obvious consequence and encompassing "only the unnecessary and wanton infliction of pain, repugnant to the conscience of mankind." *Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir. 1997) (citing *Bd. of the Cnty. of Comm'rs of Bryan Cnty., Ok. v. Brown*, 520 U.S. 397, 410 (1997)); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Further, in a § 1983 action, a supervisory official may be held liable only if he affirmatively participated in the acts that resulted in a constitutional deprivation; or he implemented unconstitutional policies that resulted in the plaintiff's injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Gates v. Texas Depot of Prot. & Reg. Serve.*, 537 F.3d 404, 435 (5th Cir. 2008). An unconstitutional policy or custom must be specifically identified, not just alleged in conclusory fashion. *Spiller v. City of Texas City Police Dep't.,* 130 F.3d 162, 167 (5th Cir. 1997).

Here, Plaintiffs' claims fail in all regards. Based on the facts set forth above, the Court finds that Plaintiffs have failed to raise a genuine issue of material fact for trial whether Defendants were deliberately indifferent to Brealy's medical needs. All admissible evidence in this case shows that FPDC personnel responded almost immediately to a complaint that he was having difficulty breathing, they sought medical assistance for him, they provided CPR until EMS arrived, and they had him transported to the hospital for further care. Additionally, Plaintiffs have failed to produce evidence that Sheriff Cobb or Warden Lee either participated in Brealy's treatment and/or issued or implemented a specific policy or custom which could have contributed to Brealy's death. Therefore, Plaintiffs cannot proceed with any official or individual capacity claims against Defendants. While the Court has the greatest sympathy for Plaintiffs in the death of their father, there is simply no evidence that he was constitutionally deprived of medical care or that such alleged deprivation was the result of official policy or custom. Therefore, Defendants are entitled to summary judgment on Plaintiffs' civil rights claims.

**C.     State Law Claims**

Plaintiffs also assert state law negligence claims against Defendants. Under the Louisiana duty/risk analysis, "the scope of an officer's duty to act reasonably under the circumstances does not extend so far as to require that the officer always choose the 'best' or even a 'better' method of approach." *Syrie v. Schilhab*, 96-1027 (La. 5/20/97), 693 So. 2d 1173, 1177. The same facts fail to raise a genuine issue for trial that the officers under Defendants' purview failed to act reasonably under the circumstances. Accordingly, Defendants are also entitled to summary judgment on Plaintiffs' state law claims.

### III. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [Doc. No. 15] filed by Sheriff Cobb and Warden Lee is GRANTED, and Plaintiffs' claims against Defendants are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 8th day of August, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE